By the Court, Bronson, J.
The facts 'of the case may be brought within a narrow compass. There was first a mortgage, and then a judgment against the mortgagor. The mortgage was afterwards foreclosed by advertisement and sale under the statute, and Benjamin became the purchaser. The defendants are his tenants, and stand in his place. Subsequent to the foreclosure the premises were sold under the judgment, and the plaintiff became the purchaser. His deed from the sheriff is dated in May, 1838. In September following he tendered to Benjamin the principal and interest due on the mortgage, with the costs of the foreclosure, which Benjamin refused to receive; and the question is, whether the tender extinguished the lien of the mortgage. The judge held that it did. And so we held between these parties at a former term, when the question was decided on the argument. But as the counsel for the defendants thinks the case was not then fully considered, we have looked into the matter again, to the end that the error, if there be one, may be corrected before any injury has been donej and before it has passed into a precedent.
A statute foreclosure bars the equity of redemption of the mortgagor, and all persons claiming under him by title subsequent : but the rights of other mortgagees, and of judgment creditors having a lien, are saved. They shall not “be prejudiced by any such sale, nor shall their rights or interests be in uny way affected thereby.” (2 B. 8.546, § 8.) (a) So far as relates to the judgment creditor, the sale can have no greater effect than that of passing the interest of the mortgagee to the purchaser, who stands in the character of an assignee. The equity of the mortgagor is barred by the sale. But the rights of the creditor are Unaffected, As to him, there has been no foreclosure; there is nothing but an assignment of the mortgage. The purchaser has come into the place and succeeded to the rights which the mortgagee had before the sale. If this be so, then the creditor may sell under his judgment, and the purchaser will acquire *68 the equity of redemption, or the right of redeeming from the mortgagee or his assigns. His right to sell after the foreclosure is just as perfect as it was before. A sale is the only mode in which he can assert his legal rights. Without a sale he has nothing but a lien; but on a sale the purchaser acquires an interest in the land. He gets what the mortgagor had at the time the judgment was docketed, which was before the foreclosure, to wit, the equity of redemption; and this, although it is still called an equity, has in our law become, for most purposes, the legal estaté. The purchaser under the judgment is the owner of the land, subject only to the incumbrance of the mortgage. That charge upon his estate he has the right to extinguish by payment, and then his title will be complete.
It has always been held that a tender at the day discharged the lien of the mortgage; and, although a clear departure from the old law, it is fully settled in this state that a tender-after the day will have the same effect. (Jackson v. Crafts, 18 John. 110; Edwards v. Farmers’ Loan Company, 21 Wend. 467, and 26 id. 541.) I lmow that in the last case the law day was extended by the charter of the company; but the broad principle was asserted that a tender at any time before foreclosure, although the law day has passed, will have the effect of discharging the lien of the mortgage. Here, so far as the judgment creditor and the purchaser under the judgment are concerned, there had been no foreclosure.
Let us now apply what has been said. Benjamin, who purchased at the mortgage sale, became thereby the assignee, and stood in the place of the mortgagee. His purchase barred the right of the mortgagor; but as against the judgment creditor and the plaintiff who purchased under the judgment, Benjamin got nothing but an assignment of the interest of the mortgagee. Being assignee, he was the person entitled to the money, and the tender was properly made to him. The plaintiff, as purchaser under the judgment, had acquired all the interest which the mortgagor had before the foreclosure. He owned the land, subject only to the incumbrance of the mortgage. He had the same right to pay the money and discharge the lien of the mortgage, as the mortgagor had at the time the judgment was dock *69 eted. Now, it is settled, as we have seen, that tender at or even after the law day, has the same effect as payment or actual satisfaction would have, so far as the lien of the mortgage is concerned. And here, the tender having been made by the proper person, and to the proper person, the lien of the mortgage was thereby discharged. The mortgage no longer stands in the plaintiff’s way, and he is entitled to recover the land as a purchaser under the judgment.
The argument for the defendants turns altogether upon making something out of the foreclosure of the mortgage. But so far as the plaintiff is concerned, there has been no foreclosure. The statute says it shall be nothing. The counsel relies confidently on the case of Klock v. Cronkhite, (1 Hill, 107;) but it will not answer his purpose. There, Elwood had purchased under the judgment before the foreclosure of the mortgage; and as he stood in the character of assignee of-the mortgagor at the time of the foreclosure, we held that he was barred hy it. The statute expressly cuts him off. But here, the plaintiff purchased after the foreclosure, and the statute just as plainly saves bjs rights.
A remark which fell from me in Block v. Cronkhite has been thought of some importance. I said, that a judgment creditor, having nothing but a lien, must go into equity to, redeem; he has no title at law. Although that question was not necessarily involved in the case, I see no reason for doubting the accuracy of what was then said. So long as the judgment creditor has nothing but a lien, he clearly has no legal title to the property. He must go into equity if he goes any where. I do not see that he can make a valid. tender, for there is no privity between him and the mortgagee. No one but the mortgagor, or some one who has acquired his interest, has the right to tender the money and discharge the mortgage. A mere lien does not transfer the title to the property, either at law or in equity. But here there was a legal privity between the parties. The plaintiff had the title, and Benjamin had an incumbrance upon the land. The plaintiff had acquired the same right to remove the charge that belonged to the mortgagor before he was fore *70 closed. He could therefore make a tender, and the tender discharged the lien.
The reconsideration of the case has confirmed our first impressions.
New trial denied.
END OP OCTOBER TERM.

 Otherwise under the act of April 12th, 1842. (Sess. Laws of 1842, p. 365, § 6.)